IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| | * |
| CHRISTIE ADEMILUYI | * |
| | * |
| Debtor | * |
| | |
| PENNYMAC LOAN SERVICES, LLC, ET AL | * |
| | * |
| Movant | * |
| v. | *   Civil No. – JFM-15-777 |
| | * |
| CHRISTIE ADEMILUYI | * |
| | * |
| Respondent | * |
| | ****** |

## MEMORANDUM

Plaintiff has brought this action against CitiMortgage, Inc., Pennymac Holdings, LLC, Pennymac Corp., and Pennymac Loan Services, LLC. Plaintiff asserts a claim for declaratory relief against both CitiMortgage and the Pennymac defendants to the effect that her "mortgage note [is] null and void ab initio" because of an improper assignment of the mortgage by CitiMortgage. She also asserts claims against CitiMortgage for violation of the Maryland Consumer Protection Act, violation of the Maryland Fraud Protection Act, fraud, and negligence and claims against Pennymac Loan Services for violation of the Fair Credit Reporting Act and the Maryland Wiretapping and Electronic Surveillance Act. Plaintiff has filed for protection under Chapter 13 of the Bankruptcy Code, and this adversary proceeding was *sua sponte* withdrawn by the Bankruptcy Court to this court. Defendants have filed motions to dismiss. The motions will be granted for the following reasons.

1

First, it is clear under Fourth Circuit law that plaintiff does not own the claims that she asserts. They are owned by the trustee of her bankruptcy estate. *See Miller v. Pacific Shore Funding*, 287 B.R. 47, 49 (D. Md. 2002), *aff'd* 92 Fed. App'x 933 (4th Cir. 2004). *Cf. National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, (4th Cir. 1999).

Second, plaintiff has no standing to challenge the validity of the assignment of the mortgage. *See, e.g., Chen v. Deutsche Bank*, 2014 U.S. Dist. LEXIS 164452, at *12-15 (N.D. Cal., Nov. 24, 2014); *Ghaffari v. Wells Fargo*, 2014 U.S. Dist. LEXIS 162007, at *15-16 (M.D. Pa., Nov. 19, 2014).

Third, the claim under the Fair Credit Reporting Act fails because plaintiff was not applying for a new loan but for a loan modification. *See Bartlett v. Bank of America, N.A.*, 2014 W.L. 3773711 (D. Md., Jul. 29, 2014). Likewise, the claim under the Maryland Consumer Protection Act fails because she has not alleged specific facts limiting any alleged personal injury to any purportedly false statements made by CitiMortgage. *See Kaswell v. Wells Fargo*, 2014 U.S. Dist. LEXIS 107879, at *21 (D. Md. Aug 6, 2014).

I also note that it appears that all of plaintiff's state law claims may be barred by limitations and that her state law claims fail because plaintiff has not alleged sufficient facts to state a claim upon which relief can be granted. I would be inclined, however, to give plaintiff leave to file a second amended complaint to allege the reasons that she believes that the limitations period has not run and more specific reasons why CitiMortgage allegedly violated her rights. Thus, these are not the grounds for the decision I am making. It is clear, however, that plaintiff's present claims are insufficient and that they must be dismissed.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 9/29/15

_____
J. Frederick Motz
United States District Judge

3

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 SEP 29 PM 12: 35

CLERK'S OFFICE
AT BALTIMORE

BY_____
         DEPUTY